UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA TOLSMA,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, LEN CARVER, JANE DOE, and JOHN DOE,<br><br>                    Defendants. | C09-267Z<br><br>ORDER |

THIS MATTER comes before the Court on defendants' motion for summary judgment, docket no. 23. In response to the motion, plaintiff Joshua Tolsma has moved for a continuance pursuant to former Federal Rule of Civil Procedure 56(f), docket no. 28. Having reviewed all papers filed in support of, and in opposition to, the pending motions, the Court enters the following Order.

**Background**

This case concerns two different, unrelated arrests of plaintiff, one in March 2007 and the other in August 2008. Although criminal cases were initiated against plaintiff in connection with these arrests, one in King County Superior Court and the other in Seattle Municipal Court, neither prosecution ripened into a conviction. Plaintiff now sues the City of Seattle, Seattle Police Detective Len Carver III, and two John/Jane Doe defendants,

ORDER - 1

alleging Fourth Amendment and due process violations under 42 U.S.C. § 1983, false imprisonment or arrest, and malicious prosecution.

The parties have provided many documents concerning the events leading to the March 2007 arrest, but virtually no materials relating to the August 2008 arrest. With respect to the March 2007 arrest, Detective Carver prepared a Certification for Determination of Probable Cause, in which he recounted that plaintiff had been living in the apartment of Randy Vanvelkinburgh, but was "irritated" with Vanvelkinburgh's homosexuality. Ex. to Tolsma Decl. (docket no. 29 at 27). In late January 2007, plaintiff allegedly attacked Vanvelkinburgh. *Id.* Vanvelkinburgh suffered a sternal fracture and was admitted to Swedish Medical Center, where he was intubated. *Id.* Approximately two weeks later, when Vanvelkinburgh was extubated and finally able to speak, he told hospital staff what had happened. *Id.*

Seattle Police Officer S. Burt was subsequently dispatched to Swedish to interview Vanvelkinburgh. Incident Report, Ex. to Tolsma Decl. (docket no. 29 at 5-6). The following day, on February 16, 2007, Detective Carver recorded interviews of both Vanvelkinburgh and plaintiff; those interviews were later transcribed. Statement Forms, Exs. to Tolsma Decl. (docket no. 29 at 8-19, 20-26). Plaintiff was arrested on March 2, 2007. Superform (Case No. C09-489Z, docket no. 54-4 at 11-14).[1] On March 3, 2007, a judge found probable cause and set bail in the amount of $10,000. Conditions of Release (Case No. C09-489Z, docket no. 54-4 at 16). An Information charging plaintiff with assault in the second degree was filed on March 5, 2007. Case Summary (07-1-02941-5), Ex. A to Altman Decl. (docket no. 24 at 4). The case was dismissed on motion of a King County Deputy Prosecuting Attorney on June 15, 2007. Motion and Order, Ex. to Tolsma Decl. (docket no. 29 at 43-44).

---

[1] Plaintiff alleges that he was arrested on March 6, 2007. Complaint at ¶ 5 (docket no. 5). Documents filed, however, in a different but tangentially-related action that plaintiff brought against King County (Case No. C09-489Z) indicate plaintiff is mistaken about the date of his arrest.

ORDER - 2

With respect to plaintiff's arrest in August 2008, no superform, incident report, or witness statement has been provided to the Court.  A dispatch record reflects that Seattle Police Officers Steven J. Wolph and Carolee Collins responded to Myrtle Edwards Park on August 17, 2008, *see* Ex. to Tolsma Decl. (docket no. 29 at 35), and a docket from Seattle Municipal Court indicates that plaintiff was found "not guilty" of three counts of assault on October 23, 2008, *see* Ex. B to Altman Decl. (docket no. 24 at 12-13).

**Discussion**

**A.     Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (2010).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In support of its motion for summary judgment, the moving party need not negate the opponent's claim, *Celotex*, 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, *Anderson*, 477 U.S. at 249.  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  *See, e.g.*, *Beard v. Banks*, 548 U.S. 521, 529 (2006).

**B.     March 2007 Arrest**

As advanced in the pending motion for summary judgment, Detective Carver is entitled to qualified immunity from suit for damages because a reasonable officer could have believed that plaintiff's arrest on March 2, 2007, was lawful, in light of the clearly established law and the information Detective Carver possessed at the time.  *See Hunter v.*

ORDER - 3

1  *Bryant*, 502 U.S. 224, 227 (1991). Law enforcement officials are entitled to immunity even
2  when they "reasonably but mistakenly conclude that probable cause is present." *Id.* The
3  qualified immunity standard "'gives ample room for mistaken judgments' by protecting 'all
4  but the plainly incompetent or those who knowingly violate the law.'" *Id.* at 229.

5        In this case, before arresting plaintiff, Detective Carver interviewed the alleged
6  victim, who stated unequivocally that plaintiff assaulted him by punching him three times in
7  the chest with a fist. Statement Form, Ex. to Tolsma Decl. (docket no. 29 at 21). Detective
8  Carver also interviewed plaintiff, who admitted he lived in Vanvelkinburgh's apartment and
9  didn't approve of Vanvelkinburgh's homosexuality, but denied hitting him. Statement Form,
10 Ex. to Tolsma Decl. (docket no. 29 at 8-19). Based on these interviews, Detective Carver
11 unquestionably had probable cause, *i.e.*, "facts and circumstances within [his] knowledge,"
12 based on "reasonably trustworthy information," "sufficient to warrant a prudent man in
13 believing that [plaintiff] had committed . . . an offense." *Beck v. Ohio*, 379 U.S. 89, 91
14 (1964). Moreover, any mistake Detective Carver might have made was reasonable, and not
15 so incompetent or ill-motivated as to disqualify him from receiving immunity from suit.
16 Thus, plaintiff's claims against Detective Carver are DISMISSED with prejudice.

17       Plaintiff's claims against defendant City of Seattle relating to the March 2007 arrest
18 are also DISMISSED with prejudice. Because Detective Carver had probable cause to arrest
19 plaintiff, plaintiff cannot establish the adverse action taken pursuant to an official policy or
20 longstanding practice or custom of the City of Seattle that is required to hold the City of
21 Seattle liable. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

22 **C.    August 2008 Arrest**

23       Despite signing a Joint Status Report, docket no. 26, identifying Officers Wolph and
24 Collins as the proper defendants for claims based on plaintiff's August 2008 arrest, counsel
25 for defendants filed a reply pressing his arguments concerning the impropriety of plaintiff's
26 use of the pseudonyms John Doe and Jane Doe. The Court is satisfied that the individual

ORDER - 4

defendants are known and could be joined.  With regard to whether Officers Wolph and Collins might be entitled to qualified immunity, defendants have not provided a sufficient record for decision.  Moreover, defendants offer no indication that plaintiff has been provided copies of the underlying police report or other relevant materials.[2]  Defendants' motion for summary judgment as to the claims relating to plaintiff's August 2008 arrest is therefore DENIED without prejudice.

**Conclusion**

For the foregoing reasons, defendants' motion for summary judgment, docket no. 23, is GRANTED in part with prejudice and DENIED in part without prejudice.  Plaintiff's claims for Fourth Amendment and due process violations under § 1983, false imprisonment or arrest, and malicious prosecution against defendant Seattle Police Detective Len Carver III are DISMISSED with prejudice on the ground of qualified immunity.  Plaintiff's claims against defendant City of Seattle relating to his March 2007 arrest are also DISMISSED with prejudice pursuant to *Monell* and its progeny.  Defendants' motion for summary judgment is otherwise DENIED without prejudice, and plaintiff's claims relating to his August 2008 arrest, against defendant City of Seattle and the John/Jane Doe defendants, remain in the action.  Plaintiff's motion for continuance to conduct discovery, docket no. 28, is STRICKEN as moot.  To the extent defendants have not fully responded to discovery requests concerning plaintiff's August 2008 arrest, they are DIRECTED to do so within thirty (30) days of the date of this Order.  The Court SETS the following deadline for joining additional parties and filing amended pleadings: June 15, 2011.  The parties are directed to file another JOINT STATUS REPORT within ten (10) days after additional parties appear in this action, or by August 1, 2011, whichever occurs first.

---

[2] Likewise, whether plaintiff has requested and/or been given discovery relating to Seattle Police Department arrest policies or longstanding practices or customs remains unclear.  Thus, as to plaintiff's August 2008 arrest, defendant City of Seattle's motion for summary judgment pursuant to *Monell* is also DENIED without prejudice.

ORDER - 5

1    IT IS SO ORDERED.

2    The Clerk is directed to send a copy of this Order to all counsel of record and to
3 plaintiff pro se.

4    DATED this 12th day of May, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 6