UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA TOLSMA, | ) |
| | ) CASE NO. C09-267TSZ |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CITY OF SEATTLE, LEN CARVER, | ) |
| JANE DOE and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

THIS MATTER comes before the Court on a motion for summary judgment, docket no. 39, filed by all defendants. Joshua Tolsma was arrested while attending Hempfest, an outdoor festival at Myrtle Edwards Park in Seattle, on August 17, 2008. Mr. Tolsma was arrested for indecent liberties based on statements from a minor victim and her mother given to police at a mobile command center stationed near the park. Mr. Tolsma was later charged with assault, but was found not guilty by a jury. Mr. Tolsma then brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his

ORDER -1

Fourth and Fourteenth Amendment rights as well as state law tort claims for false arrest/imprisonment and malicious prosecution against the arresting officers and the City of Seattle.

Defendants move for summary judgment arguing that the defendant officers are entitled to qualified immunity and Mr. Tolsma has failed to establish a prima facie case for municipal liability against the City of Seattle. Mr. Tolsma moves to strike certain evidence offered by defendants and for a continuance in order to identify and add as a party the officer that personally handcuffed Mr. Tolsma and took him into custody. Mr. Tolsma also moves to amend his complaint to include a tort claim filed with the City of Seattle.

## BACKGROUND

On August 17, 2008, Officers Steven Wolph and Carolee Collins were stationed in a mobile command vehicle near Myrtle Edwards Park in Seattle, the location of an outdoor festival known as Hempfest. Wolph Decl. at ¶ 2 (docket no. 41), Collins Decl. at ¶ 2 (docket no. 42). During the festival, a minor victim and her mother reported to Officer Collins that she had been inappropriately touched by an unknown man. Collins Decl. at ¶ 3. The victim reported that the man touched her after pretending to fall down, and that the same man also inappropriately touched two other young females. Wolph Decl. at ¶ 3. The victim and her mother spotted Mr. Tolsma on their way out of the park, and he was handcuffed and taken to the mobile command vehicle where the victim positively identified him as the perpetrator. Wolph Decl. at ¶ 4.

ORDER -2

Based on the information provided by the girl and her mother, Mr. Tolsma was arrested and taken to jail. *Id*. at ¶ 6. While Officer Wolph did not actually handcuff Mr. Tolsma, he did advise Mr. Tolsma of his rights and was assigned to handle the paperwork. *Id*. at ¶ 4. Mr. Tolsma was arrested for indecent liberties, and Mr. Wolph is listed as the arresting officer on the arrest report. *Id*., exhibit A.

On August 18, 2008, Mr. Tolsma was charged with three counts of assault. Altman Decl., exhibit A (docket no. 40). The following day, the Municipal Court of Seattle found probable cause, and Mr. Tolsma entered a plea of not guilty. *Id*., Transcript of *Gerstein* hearing (docket no. 50-1).

Mr. Tolsma was not informed why he was arrested; he assumed he was being arrested for drinking in public. Tolsma Decl. at ¶ 3 (docket no. 45-1). Mr. Tolsma did not learn of the molestation allegations until he was charged the following day. *Id*. at ¶ 4. During Mr. Tolsma's trial, Officer Wolph was the only officer that testified and was portrayed as the arresting officer. *Id*. at ¶ 2. Mr. Tolsma was found not guilty of all charges. *Id*. at ¶ 5.

<u>DISCUSSION</u>

**I.     SUMMARY JUDGMENT STANDARD**

The Court should grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When a properly supported motion for summary judgment has been presented, the adverse party "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e). Rather, the non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 256. A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement, *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999), or by asserting "some metaphysical doubt" as to the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Likewise, discrediting the testimony proffered by the moving party will not usually constitute a sufficient response to a motion for summary judgment. *Anderson*, 477 U.S. at 256-57.

To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006); *see also Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence

of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## II. QUALIFIED IMMUNITY

Officers Wolph and Collins assert qualified immunity as a defense to Mr. Tolsma's §1983 claim. Def. second motion for summary judgment at 8:14 (docket no. 39). "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). To determine whether a defendant is entitled to qualified immunity, courts ask (1) whether the defendant violated the plaintiff's constitutional right, and (2) whether that right was clearly established. *Id*. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. To determine if the right was clearly established, the Court must ask "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. "If the officer's mistake as to what the law requires is reasonable . . . the officer is entitled to the immunity defense." *Id*.

Mr. Tolsma argues that his arrest violated his Fourth Amendment rights because it was not supported by probable cause. Amended complaint at ¶ 10 (docket no. 35). "The Fourth Amendment requires police officers to have probable cause before making a warrantless arrest." *Ramirez*, 560 F.3d at 1023. "Probable cause to arrest exists

when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Id*. (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). The officer need not possess conclusive evidence of guilt, but must have more than "[m]ere suspicion, common rumor, or even strong reason to suspect." *Id*. (quoting *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984). Police officers are entitled to qualified immunity if a reasonable officer could have believed that probable cause existed. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). Officers Wolph and Collins are entitled to qualified immunity because they possessed "trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been committed."

During their interview, the victim and her mother told Officer Collins that a person matching Mr. Tolsma's description had touched the victim's breast and buttocks when pretending to fall down. Wolph Decl. at ¶ 3. Furthermore, the victim stated that she had seen the same man inappropriately touching two other female victims. *Id*. Finally, when Mr. Tolsma was handcuffed and brought to the mobile command vehicle, the victim identified him as the perpetrator. *Id*. at ¶ 4. Relying on these statements, Officer Wolph arrested Mr. Tolsma. *Id*. at ¶ 6.

The victim's statements to Officer Collins were trustworthy because Officers Wolph and Collins had no reason to doubt the veracity of the witnesses' statements. *See State v. Gaddy*, 114 Wn.App. 702, 707 (2002) (A citizen informant is presumptively

reliable). Furthermore, Mr. Tolsma has put forward no evidence either casting doubt on those statements or indicating that the officers did not rely on those statements in effectuating his arrest.

The victim's statements were also sufficient to "lead a person of reasonable caution to believe that an offense had been committed." Mr. Tolsma was arrested for the crime of indecent liberties. A person has committed the crime of indecent liberties when he "knowingly causes another person who is not his or her spouse to have sexual contact with him or her or another . . . [b]y forcible compulsion."[1] RCW 9A.44.100(1)(a). The victim stated that Mr. Tolsma knowingly had sexual contact with her (by pretending to fall into her and then touching her breast and buttocks), and that he did so by forcible compulsion (because he touched her against her will). Probable cause is established where a reasonable officer would believe a crime had been committed. *See Ramirez*, 560 F.3d at 1012. Because the victim's statements established probable cause, the Court should find that Officers Wolph and Collins are entitled to qualified immunity for Mr. Tolsma's arrest.[2]

Even assuming Officers Wolph and Collins did not have probable cause to believe that Mr. Tolsma had committed the crime of indecent liberties, at the very least, they had probable cause to believe that an assault had occurred. An assault is "an

---

[1] There are several other categories of indecent liberties. However, none of those are even remotely relevant to the facts of this case. Indecent liberties by forcible compulsion is a class A felony. RCW 9A.44.100(2)(b).

[2] Officers Wolph and Collins also argue that because probable cause was found at Mr. Tolsma's *Gerstein* hearing, he should be collaterally estopped from relitigating that issue. The Court need not address this issue because probable cause is readily found in this case.

ORDER - 7

unlawful touching with criminal intent."[3] *State v. Jarvis*, 160 Wn.App. 111, 117 (2011). An assault is exactly the conduct that the victim described in her statements to the officers. The victim's statement alone is sufficient to cause a reasonable officer to believe a crime had been committed. *See State v. Mance*, 82 Wn.App. 539, 542-43 (1996).

Finally, even if probable cause was lacking, the officers would still be entitled to qualified immunity if they reasonably believed that the arrest was lawfully affected. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1443 (9th Cir. 1991). Assuming Officers Wolph and Collins were mistaken in their belief that probable cause existed, if their mistake was reasonable they are still entitled to qualified immunity. *Id*. In this situation, given the victim's statement and identification of Mr. Tolsma, it would not be clear to a reasonable officer that arresting Mr. Tolsma was unlawful. "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter*, 502 U.S. at 229 (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986)). Thus, Officers Wolph and Collins are entitled to qualified immunity because they reasonably believed that they had probable cause to arrest Mr. Tolsma.[4]

---

[3] "A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041(1). "Assault in the fourth degree is a gross misdemeanor." RCW 9A.36.041(2).

[4] Officers Wolph and Collins also argue that they are entitled to qualified immunity because they did not physically cuff Mr. Tolsma and transport him back to the police station. This is likely irrelevant because Officer Wolph signed the arrest report. Furthermore, the officers that cuffed/transported Mr. Tolsma would have been relying on the same information as Officers Wolph and Collins and the same qualified immunity analysis would apply.

Mr. Tolsma argues that his arrest was unlawful because it was a misdemeanor arrest for a crime that occurred outside the officers' presence. Response to summary judgment at 2:12-19 (docket no. 45). While this assertion is incorrect, the arrest was for the felony of indecent liberties, whether the crime occurred in the officers' presence is irrelevant for purposes of a § 1983 claim. Washington law requires that a misdemeanor offense occur in the officer's presence before he may make a warrantless misdemeanor arrest. RCW 10.31.100. However, "[t]he requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment." *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). *See also Clark v. Link*, 855 F.2d 156, 161-63 (4th Cir. 1988) (Section 1983 actions based on violation of the Fourth Amendment may not rest on violation of state law). Thus, even assuming Mr. Tolsma's arrest was in violation of RCW 10.31.100, that violation cannot form the basis of a § 1983 claim.[5]

Because Officers Wolph and Collins had probable cause to arrest Mr. Tolsma, they are entitled to qualified immunity. Therefore, the Court GRANTS defendants' motion for summary judgment with respect to Mr. Tolsma's § 1983 claims.

---

[5] Mr. Tolsma also argues that the statements of Officers Wolph and Collins are inadmissible as hearsay because they were not the officers that arrested him, and thus those statements cannot support a finding of probable cause. Response to Summary Judgment at 1:22-2:11. However, Officer Wolph is listed as the arresting officer on the arrest report. Wolph Decl., exhibit A. Even if he weren't the arresting officer, the officers' statements would be admissible because, when determining if an arrest complied with the Fourth Amendment, following the 'fellow officer' rule the Court must look "to the collective knowledge of all the officers involved in the criminal investigation." *U.S. v. Ramirez*, 473 F.3d 1026, 1032 (2007) (quoting *United States v. Sutton*, 794 F.2d 1415, 1426 (9th Cir.1986)).

## III. STATE LAW TORTS

Mr. Tolsma raises claims of false imprisonment/arrest and malicious prosecution against all defendants. Amended complaint at ¶¶ 30, 34, 37. It is a defense to an action for false arrest or false imprisonment that there existed probable cause to arrest. *Bender v. City of Seattle*, 99 Wn.2d 582, 592 (1983). Likewise, "[i]f probable cause is established, [an action for malicious prosecution fails], for probable cause is a complete defense to an action for malicious prosecution." *Hanson v. City of Snohomish*, 121 Wn.2d 552, 563 (1993). However, "[t]he rule is that unless the evidence conclusively and without contradiction establishes the lawfulness of the arrest, it is a question of fact for the jury to determine whether an arresting officer acted with probable cause." *Daniel v. State Through Washington State Patrol*, 36 Wn.App. 59, 62 (1983) (citing *Coles v. McNamara*, 131 Wash. 377, 384, (1924)).

In this instance the evidence "conclusively and without contradiction" establishes that Officers Wolph and Collins had probable cause to arrest Mr. Tolsma. As stated above, the victim's statement, taken at face value, amounts to "reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been . . . committed." Though Mr. Tolsma disputes the veracity of the victim's statement, he puts forward no evidence indicating that the officers either did not rely, or were not justified in relying, on that statement when he was arrested. Mr. Tolsma also argues that his arrest was in violation of RCW 10.31.100. That assertion is incorrect, however, because Mr. Tolsma was arrested for indecent liberties, a felony,

and thus a warrantless arrest was permissible even though the offense occurred outside the officers' presence. And while there may be some debate as to whether the events described by the victim rise to the level of forcible compulsion,[6] an officer need not possess evidence establishing every element of the crime beyond a reasonable doubt. *State v. Duncan*, 146 Wn.2d 166, 179 (2002).

Because Officers Wolph and Collins had probable cause to arrest Mr. Tolsma and probable cause is a complete bar to an action for false arrest or malicious prosecution, the Court GRANTS defendants' motion for summary judgment with respect to Mr. Tolsma's state common law tort claims.

**IV. MUNICIPAL LIABILITY**

Mr. Tolsma has alleged that the City of Seattle maintained an official policy that caused the deprivation of his Fourth Amendment rights. Amended complaint at ¶¶ 17-20. Municipalities may be held liable under § 1983 for policies that, when implemented, cause a deprivation of a person's constitutional rights. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, municipalities cannot be held liable unless "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691. Thus, absent a deprivation of his constitutional rights, Mr. Tolsma cannot bring a claim against the City of Seattle. Because Officers Wolph and Collins had probable cause to arrest Mr. Tolsma, he has

---

[6] Forcible compulsion is defined as physical force which overcomes resistance. RCW 9A44.010. Forcible compulsion requires more than simply the force "inherent in any act of sexual touching." *State v. Ritola*, 63 Wn.App. 252, 254-55 (1991).

ORDER -11

suffered no deprivation of his constitutional rights and the Court GRANTS defendant's motion for summary judgment with respect to Mr. Tolsma's claim for municipal liability.

V.  **MOTION FOR CONTINUANCE**

Mr. Tolsma moves for a continuance pursuant to Fed. R. Civ. P. 56(d)[7] which provides that a court may defer consideration of the motion or allow time to take discovery if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Response to summary judgment at 6:7.  Mr. Tolsma seeks to introduce certified copies of municipal court proceedings and to determine the identity of the officer that arrested him.  As to the first basis for the motion, the municipal court proceedings are irrelevant because this Court need not consider the municipal court's finding of probable cause in order to resolve this motion.  In any event, a transcript of Mr. Tolsma's *Gerstein* hearing has already been filed in the record.  Transcript of *Gerstein* hearing (docket. no. 50-1).  As to the second basis, Officer Wolph signed the statement of probable cause.  Whether or not another officer physically brought Mr. Tolsma into custody is irrelevant, as they would have been relying on the information in Officer Wolph's report which provided probable cause for the arrest and the same qualified immunity analysis would apply.  Therefore, the Court DENIES Mr. Tolsma's motion for a continuance.

---

[7] Mr. Tolsma mistakenly cites to Fed. R. Civ. P. 56(f) in his brief.

ORDER -12

## VI. MOTION TO STRIKE

Mr. Tolsma moves to strike portions of the declarations of Peter Altman, Officer Wolph and Officer Collins. Response to summary judgment at 2:19-3:8. Mr. Tolsma argues that the court docket attached to Mr. Altman's declaration as exhibit A is not authenticated. Furthermore, Mr. Tolsma argues that the declarations of Officers Wolph and Collins are hearsay in that they do not reflect the officers' personal observations. Finally, Mr. Tolsma argues that the arrest report attached to Officer Wolph's declaration as exhibit A is inadmissible as hearsay.

Sufficient evidence was present in Mr. Altman's declaration to "support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901. Furthermore, the declarations of Officers Wolph and Collins sufficiently establish personal knowledge of the facts therein and the arrest report is admissible under the record of regularly conducted activity or public record hearsay exceptions Fed. R. Evid. 803(6), (8). Therefore, the Court DENIES Mr. Tolsma's motion to strike.

## VII. MOTION TO AMEND

Mr. Tolsma filed a motion to amend his complaint to include a "tort claim for damages." Motion to amend at 1:20-22 (docket no. 48). The only addition to the proposed amended complaint is a statement that on November 6, 2008, Mr. Tolsma filed a tort claim form with the City of Seattle regarding these same facts. Proposed second amended complaint at ¶ 7 (docket no. 48-2). Because this motion would not add any

substantive allegations to the complaint, and for the reasons stated in this order, the Court DENIES the motion to amend as futile.

**VIII. CONCLUSION**

Based on the above reasoning, Officers Wolph and Collins are entitled to qualified immunity on Mr. Tolsma's § 1983 claims because they had probable cause to arrest Mr. Tolsma. The existence of probable cause also bars Mr. Tolsma's state law tort claims for false imprisonment and malicious prosecution. Finally, because he cannot demonstrate that he has suffered a constitutional deprivation, Mr. Tolsma has no basis for asserting a claim for municipal liability. Therefore, the Court GRANTS defendants' motion for summary judgment (docket no. 39), and DENIES Mr. Tolsma's motion for a continuance (docket no. 45), motion to strike (docket no. 45), and motion to amend (docket no. 48).

IT IS SO ORDERED.

DATED this 31st day of October, 2011.

Thomas S. Zilly
United States District Judge